NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NORRIS BROOKS,** | Civil Action No. 18-645 (CCC) (CLW) |
| **Plaintiff,** | |
| v. | **OPINION** |
| **SUPERIOR COURT OF NEW JERSEY,** | |
| **Defendant.** | |

**CECCHI, District Judge.**

*Pro se* Plaintiff Norris Brooks, a detainee at the Essex County Correctional Facility ("ECCF") at the time he filed this action, seeks to pursue a civil rights action against the Superior Court of New Jersey. ECF Nos. 1, 6. This Court previously granted Plaintiff's application to proceed *in forma pauperis* ("IFP"). ECF No. 9. Pursuant to that order, this Court must screen the Amended Complaint (ECF No. 6) to determine whether this case should be dismissed because it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from suit. 28 U.S.C. § 1915(e)(2).

Having completed this screening, this Court will dismiss the action. Because further amendment would be futile, the dismissal will be with prejudice. Accordingly, Plaintiff's request for pro bono counsel (ECF No. 5) will be denied as moot.

The allegations of the Complaint and Amended Complaint are similar. They appear to assert, in substance, that Plaintiff and his family suffered harm (deportation) because the Superior Court judge who presided over Plaintiff's guilty plea in 2006 misinformed Plaintiff

about the potential that the plea would result in Plaintiff's deportation.[1]  ECF No. 1 at 6-7.  The Complaint also appears to assert that the same judge incorrectly decided Plaintiff's petition for post-conviction relief relating to the same issues.  *Id.*

Whatever the merit of Plaintiff's contentions, Plaintiff himself correctly recognizes the fatal flaws in his pleadings.  ECF No. 6 at 2.  First, Plaintiff recognizes that this action, brought at least a decade after its subject events, is certainly time-barred.  *Rondon v. Passaic Cty Jail*, 374 F. App'x 238, 240 (3d Cir. 2010) (statute of limitations for § 1983 actions in New Jersey is two years).  Second, whether Plaintiff seeks to sue the Superior Court or the judge, both are immune from suit.  *Carroway v. New Jersey*, 202 F. App'x 564, 565 (3d Cir. 2006) (Superior Court immune from suit pursuant to the Eleventh Amendment).

With respect to the Superior Court judge individually, the conduct in the pleadings is clearly judicial in that it consists of acts or omissions taken in his official capacity.  *Briscoe v. LaHue,* 460 U.S. 325, 324 (1983) (judges are absolutely immune from suit for damages based upon performance of their judicial functions); *Rose v. Schultz*, No. CIV.A.03CV1684, 2007 WL 1160348, at *6 (D.N.J. Apr. 17, 2007) (holding that judges are immune for adjudicating violation of probation charge).  Accordingly, the pleadings fail to state a claim upon which relief may be granted.  Because the defects cannot be remedied with any amendment, the Complaint and Amended Complaint will be dismissed with prejudice.  An appropriate order follows.

                s/ Claire C. Cecchi
                **Claire C. Cecchi**
                **United States District Judge**

---

[1] Plaintiff was, indeed, deported, and returned several years later.  ECF No. 6 at 2.